OPINION
Defendant Roosevelt Johnson, appeals a judgment of the Court of Common Pleas of Muskingum County, Ohio, which convicted and sentenced him for two counts of drug abuse in violation of R.C. 2925.11 after appellant changed his plea from not guilty to guilty. Appellant was originally charged with two counts trafficking of cocaine in an amount less than bulk, but pled guilty to a lesser offense after plea bargaining. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY ACCEPTING APPELLANT'S GUILTY PLEAS WITHOUT FIRST DETERMINING WHETHER APPELLANT UNDERSTOOD THE NATURE OF THE CHARGES OF THE MAXIMUM PENALTY INVOLVED.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT FAILED TO COMPLY WITH CRIMINAL RULE 11(C)(2)(c) AND ACCORDINGLY APPELLANT'S PLEA SHOULD BE SET ASIDE.
THIRD ASSIGNMENT OF ERROR
 OTHER ISSUES, BECAUSE THEY ARE OUTSIDE THE RECORD, ARE RAISED UNDER THE STATUTE PROVIDING FOR POST CONVICTION RELIEF AND REVISED CODE 2953.21 EVEN THOUGH THEY WERE RAISED IN THE PRO S.E. APPLICATIONS.
Crim. R. 11(C) provides in pertinent part:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and;
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to a jury trial, to confront witnesses against him to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
At the hearing on the change of plea, appellant's attorney represented that counsel had gone over the rights form with appellant and counsel was satisfied appellant understood his rights. The court addressed appellant personally and informed appellant that in each of the cases in which he proposed to plead guilty, the possible but not necessary penalty in each case was the determinate sentence of one-half to one and one-half years and a fine of up to $2,500.00. The court also reviewed appellant's constitutional rights, with him, and appellant personally assured the court he understood his rights and was satisfied with defense counsel's assistance. Appellant agreed the prosecutor's statement was the entire agreement with regard to the plea. The State had informed the court it would recommend appellant receive a one-year determinate sentence on each case to be served concurrently and that the State would not oppose anything else that a pre-sentence investigation might indicate. Appellant informed the court that the prosecutor's statement was the entire agreement, and nothing had been left out. Appellant also executed a plea form which acknowledged the possible but not necessary penalty for each offense was the determinative sentence of one-half to one or one and one-half years imprisonment and a fine of zero up to $2,500.00.
At the sentencing hearing, the court imposed a mandatory fine of $1,500.00 per offense. The fine was consecutive in each case, bringing the total fine to $3,000.00. Appellant asserts he was misled when the court and the prosecutor notified him a fine was possible but not necessary. Appellant argues he believed he would not received a fine, and that the entire penalty he would receive was probationary time.
First of all, the fine which the court assessed against appellant was within the parameters of the possible penalties outlined in court and on the plea form. Thus, appellant is technically incorrect when he asserts the court failed to give him notice of the potential penalties to which his plea might subject him. The court questioned appellant as to whether the prosecutor's recommendation he receive a one-year determinate sentence on each case, to be served concurrently, was the entire agreement he had with the State of Ohio, and appellant indicated to the court it was. For this reason, we find the record does not support appellant's assertion he was induced to enter his plea upon a representation from the court, the prosecutor, or from his own attorney that he would not have to pay any fines.
We find the record does not support appellant's assertion that he was unaware the court could require him to pay a fine as part of the penalty for his guilty plea. The court informed appellant he could be subject to a fine of $0 up to $2500 per offense, and the fines to which the court sentenced appellant are within that range.
 III
Although appellant includes this assignment of error in his brief, he has not argued it. Pursuant to App. R. 12 (A)(2), this court may disregard an assignment of error if the party raising it fails to identify in the record the error on which the assignment of error is based, or fails to argue the assignment separately in the brief as required by App. R. 16 (A).
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., and Wise, J., concur.